IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **DONNY LYNN LEVERETT, Jr.,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | No. 5:13-cv-446 (MTT) (CHW) |
| : | |
| **CAROLYN W. COLVIN,** : | Social Security Appeal |
| **Acting Commissioner of Social Security,** : | |
| : | |
| Defendant. : | |
| : | |

## REPORT AND RECOMMENDATION

This is a review of a final decision of the Commissioner of Social Security denying Plaintiff Donny Lynn Leverett, Jr.'s application for benefits. Because the Commissioner's decision is based on the application of proper legal standards and is supported by substantial evidence, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**.

## BACKGROUND

This is an "Age 18 Redetermination" case. (R. 30). *See* 20 C.F.R. § 416.987 ("Disability redeterminations for individuals who attain age 18"). Plaintiff received Title XVI benefits as a child, but upon turning 18 in May 2008, the Social Security Administration reassessed Plaintiff's eligibility using the rules applicable to adults and found that Plaintiff was no longer "disabled." (R. 56–57, 72–74, 98–100). Plaintiff requested a hearing before an administrative law judge ("ALJ"), but on July 23, 2012, the reviewing ALJ found that Plaintiff's impairments—bipolar disorder, ADHD and tremors of the hands—did not prevent Plaintiff from performing *any* substantial gainful activity. Specifically, the ALJ determined that as of March 1, 2010, Plaintiff had the capacity to perform a full range of exertional work subject to non-exertional limitations

1

requiring that Plaintiff perform only simple tasks not involving "extremely detailed handwork." (R. 16). The ALJ also found that Plaintiff should have "no interaction with the general public or close teamwork with co-workers." (*Id.*).

After receiving the ALJ's unfavorable decision, Plaintiff sought review before the Appeals Council by raising the same claim he raises in the instant appeal: that the ALJ "failed to credit the psychological evidence of record including the reports of Drs. Horwitz, Hicks, and Rose." (R. 264–69). The Appeals Council denied Plaintiff's request for review on October 10, 2013, (R. 1–3), and Plaintiff now seeks review before this Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

Judicial review of a decision of the Commissioner of Social Security is limited to a determination of whether that decision is supported by substantial evidence, as well as whether the Commissioner applied the correct legal standards. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). "Substantial evidence" is defined as "more than a scintilla," and as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The Eleventh Circuit has explained that reviewing courts may not decide the facts anew, reweigh the evidence, or substitute their judgment for that of the Commissioner. *Id.* Rather, if the Commissioner's decision is supported by substantial evidence, that decision must be affirmed even if the evidence preponderates against it.

## EVALUATION OF DISAIBLITY

Social Security claimants are "disabled" if they are unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations outline a five-step sequential evaluation process for determining whether a claimant is disabled: "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of impairments; (4) based on a residual functional capacity ("RFC") assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience." *Winschel*, 631 F.3d at 1178 (11th Cir. 2011) (citing 20 C.F.R. §§ 404.1520(a)(4)(i)-(v); 416.920(a)(4)(i)-(v)).

## DISABILITY EVALUATION IN THIS CASE

Following the five-step sequential evaluation process, the ALJ in this case made the following findings. First, citing 20 C.F.R. § 416.987(b), the ALJ determined that no substantial-gainful-activity assessment was necessary. Second, the ALJ determined that Plaintiff had the following severe impairments: "bipolar disorder, attention deficit hyperactivity disorder (ADHD) and tremors." (R. 14). Third, the ALJ determined that Plaintiff did not have an impairment or combination of impairments meeting or medically equaling the severity of one of the listed impairments. (R. 14). Therefore, the ALJ assessed Plaintiff's RFC and determined that Plaintiff could perform:

> [A] full range of work at all exertional levels but with the following non-exertional limitations: The claimant's tremors prevent the claimant from performing extremely detailed handwork. Furthermore, the claimant is limited to simple work with no interaction with the general public or close teamwork with co-workers.

(R. 16)

At step four, the ALJ found that Plaintiff had no past relevant work. (R. 20). Finally, at step five, the ALJ found that Plaintiff could perform the requirements of representative occupations like "Warehouse Worker / Stocker," "Log Marker, Lumber," and "Packer / Machine Packager." (R. 21). Therefore, the ALJ determined that Plaintiff was not "disabled" within the meaning of the Social Security Act.

## ANALYSIS

Plaintiff's brief is largely devoted to summarizing the psychological evidence from three different sources: (i) Dr. Ray Horwitz, a treating psychiatrist; (ii) Dr. Melissa Hicks, Ph.D., a consultative psychologist; and (iii) Dr. Michael P. Rose, Ph.D., a one-time psychological evaluator. (Doc. 14, pp. 4–6). Dr. Horwitz found that Plaintiff was "totally disabled" due to "marked" mental limitations in every category listed on a check-box "medical source statement." (R. 416–418). Dr. Hicks and Dr. Rose, by contrast, found that Plaintiff suffered from milder impairments. Dr. Hicks found that Plaintiff:

- "denied having problems with feeling down or depressed;"
- was "socially immature;"
- had a "normal" energy level;
- had "some problems with his self-care;"
- "did not show signs of ADHD during the evaluation," and that "it may be that [Plaintiff's] medication is effectively addressing [his] ADHD symptoms or that [Plaintiff] no longer has ADHD;"
- denied having bipolar symptoms, and that his bipolar disorder could not be independently confirmed;
- "was able to complete tasks in a timely manner in [a] one-on-one setting," but that he "may have difficulty with this in a setting with more distractions and social influences;"
- "may have difficulty interacting appropriately with others in a work setting, as he did in a school setting;" and
- had a "moderate" likelihood of decompensating under stress.

(R. 326–29)

4

Dr. Rose found that Plaintiff had "normal" concentration, "focused" attention, a "persistent hand tremor due [possibly] to anxiety," "average" intellectual functioning, "weaknesses" in the areas of recent and remote memory and processing speed, and "problems with ADHD, a condition that has been only partially controlled with medication." (R. 271–73).

As noted by the ALJ, Dr. Horwitz's findings are not consistent with Dr. Hicks' and Dr. Rose's findings. (R. 20). Indeed the ALJ specifically stated: "while [Dr. Hicks] did assert the claimant had some mental issues, nowhere in her report did she opine the claimant was totally disabled." (R. 20). The ALJ did not specifically reference Dr. Rose's findings, but ALJs are not required to specifically refer to every piece of evidence, *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005), and additionally, Dr. Rose's findings—like Dr. Hicks' findings—are plainly accommodated by the ALJ's RFC, which allows for no interaction with the general public, no close teamwork with coworkers, and simple work with no "extremely detailed handiwork."

The inconsistency between Dr. Horwitz's findings and the findings of Dr. Hicks, Dr. Rose, and every other treating or examining source on record constitutes "good cause" for discounting Dr. Horwitz's opinion. *See Phillips v. Barnhart*, 357 F.3d 1232, 1240 (11th Cir. 2004) (noting that "good cause" to discount a treating source's opinion exists when the opinion is "not bolstered by the evidence," or when the evidence "supported a contrary finding"). Dr. Horwitz's "limited treating history" with Plaintiff, (R. 20), only further reinforces this fact. *See* 20 C.F.R. § 404.1527(a)(2)(i) ("Length of the treatment relationship").

## **CONCLUSION**

After a careful consideration of the record, it is **RECOMMENDED** that the Commissioner's decision be **AFFIRMED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may

5

serve and file written objections to this Recommendation with the District Judge to whom this case is assigned <u>WITHIN FOURTEEN (14) DAYS</u> after being served with a copy thereof.

**SO RECOMMENDED**, this 20th day of November, 2014.

                                                s/ Charles H. Weigle_____
                                                Charles H. Weigle
                                                United States Magistrate Judge